IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| NORTHERN ILLINOIS GAS COMPANY d/b/a NICOR GAS COMPANY, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 1:17-cv-5147 |
| | ) | |
| v. | ) | |
| | ) | |
| USIC, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT FILING IN RESPONSE TO THE COURT'S MINUTE ORDER DATED MARCH 20, 2025

COME NOW Plaintiff Northern Illinois Gas Company d/b/a Nicor Gas Company and Defendant USIC, LLC and submit this Joint Filing in Response to the Court's Minute Order dated February 6, 2024 and state as follows:

### Parties and Underlying Actions Giving Rise to this Case

Plaintiff Northern Illinois Gas Company d/b/a Nicor Gas Company ("Nicor") is an Illinois corporation that owns and operates natural gas distribution systems. Doc. 87 - Pg 2, ¶ 1. Defendant USIC, LLC ("USIC") provides utility line locating services. *Id*. at Pg 2 ¶ 2. Nicor and USIC entered into a Master Locating Services Agreement effective as of January 1, 2014 ("MSA"), effective from the period of January 1, 2014 through January 1, 2018. *Id*. at Pg 3, ¶ 5. Pursuant to the MSA, USIC generally agreed to provide locate services on behalf of Nicor pursuant to

requests from excavators or other parties performing digging operations around or near Nicor-owned utilities within a designated territory.  *Id*. at Pg 3, ¶ 6.

The current action arises from a <u>pair</u> of underlying actions, one (Smith) is still pending in Illinois state court. In 2017, Michael J. Smith, as Temporary Guardian of Thomas Smith ("Smith"), filed a complaint in Illinois state against Metro Fibernet, LLC ("Metronet"), ACO Cable Construction, Inc. ("ACO") and USIC arising from injuries suffered from a gas explosion that occurred in Romeoville, Illinois during work performed around or near a Nicor gas line within the effective period of the MSA. *Id*. at Pgs 6-7, ¶ 21. Thomas Smith worked for Nicor in the vicinity of the explosion at the time of the explosion.  *Id*. at Pg 7, ¶ 23.  Smith alleged that sometime prior to October 11, 2016, Metronet contracted with ACO to perform directional boring to install fiber optic cable in the Wespark Subdivision in Romeoville.  *Id*. at Pg 7, ¶ 22.  USIC provided locate services in response to the ACO locate requests. Doc. 33 - Pg 3, ¶ 12.  Smith alleges that USIC failed to perform properly its locate services.  Doc. 35-2 - Pg 9, ¶ 6.  In the case filed by Smith, Metronet, ACO, and USIC each filed third party complaints against Nicor for contribution.  Doc. 87 - Pg 8, ¶ 25.  This case is in expert discovery with a status hearing set for June 25, 2025.

On April 2, 2018, the Wespark Condominium Association, Nationwide Mutual Insurance Company, Allstate Insurance Company, and State Farm Fire & Casualty Insurance Company (collectively "Wespark") filed a Complaint in state

court in Illinois against Metronet, ACO, USIC, and Nicor.  *Id.* at Pg 8, ¶¶ 27-28. Wespark sought property damages arising from the same explosion giving rise to the lawsuit filed by Smith.  *Id.*  Wespark alleges that USIC failed to perform properly its locate services.  Doc. 35-6 – Pg 14, ¶ 59.  Wespark also alleges that Nicor failed to prepare adequate maps of its underground facilities, failed to adequately investigate the location of the line, authorized the excavation at issue, and failed to take adequate measures to prevent an explosion after the line was damaged, among other things. *Id.* at Pg 17, ¶ 66.  USIC filed a crossclaim against Nicor in the action filed by Wespark.  Doc. 35-7.  Nicor filed a Counterclaim against ACO/Metronet for its property damage in the amount of $157,763, per 220 ILCS 50/11.

On July 6, 2023, the Wespark claims against Nicor were settled and dismissed for Nicor's payment of $400,000. On February 15, 2024, Nicor agreed to accept $100,000 in settlement from ACO/Metronet for its Counterclaim of $157,763. On March 24, 2025, Judge Daniel Rippy entered a dismissal order, dismissing all property damage claims against USIC in the Wespark case subject to settlement. The amount and terms are undisclosed. Wespark counsel advised that the settlement agreement is confidential. Nicor has filed supplemental discovery requests seeking the details of this settlement agreement. Those supplemental discovery requests are pending.  To date, Nicor has no information that these settlement agreements resolve the issue of Nicor's sole negligence.  The Wespark matter is now wholly dismissed.

Nicor hereinafter refers to the lawsuits filed by Smith and Wespark in Illinois collectively as the "Illinois Matters". The Smith case of the Illinois Matters remains pending per the above qualifications. Both USIC and Nicor deny any liability in connection with the Illinois Matters.

## The Current Action

Nicor filed a Complaint in this Court against USIC on December 13, 2017 for breach of contract, declaratory relief, and attorney's fees arising from the alleged breach of, and a seeking declaration of rights pursuant to the MSA. Nicor filed an Amended Complaint on August 14, 2018. Doc. 33. Nicor asserts three claims: (1) breach of contract; (2) declaratory judgment; and (3) attorneys' fees and costs under O.C.G.A. § 13-6-11. *Id.* at Pgs 9-11. At the outset of this action, Nicor sought a judgment in the District Court imposing a defense obligation against USIC and a declaration of rights pursuant to an indemnity obligation in the MSA. Doc. 33. Nicor predicated its claims on USIC's alleged violation of the MSA by failing to defend and indemnify Nicor in the Illinois Matters pursuant to Paragraph 9.1 of the MSA. Doc. 87 – Pg 8, ¶ 31.

## The Relevant Contract Provisions in the MSA

Paragraph 9.1 of the MSA provides as follows:

> To the fullest extent permitted by law, the Contractor [USIC] shall defend, indemnify, and hold harmless the Company [Nicor], its affiliates, successors and assigns, and its employees, against any and all manner of losses, costs, expenses, damages, and fines or penalties,

including, without limitation, reasonable attorneys' fees, which the Company, its affiliates, successors and assigns, and its employees, suffer or incur as a result of any claim, demand, suit, action, cause of action, investigation, levy, fine, penalty or judgment made or obtained by any individual, person, firm, corporation, Contractor employee, contractor, governmental agency, or other person or entity in connection with, arising from, or in any manner related to any actual or alleged act or omission of any one or more of the following:

(a) Contractor and any subcontractor of Contractor, and any officers, directors, agents, representatives or employees of Contractor or of any such subcontractor in any manner arising from, connected with, or related to any Services performed or contracted to be performed pursuant to this Agreement; and

(b) The Company, its successors and assigns, and its officers, directors, agents, are liable for any reason because of any such act or omission of the Contractor or any subcontractor of the Contractor, or any officers, directors, agents, representatives or employees of any of them, whether or not such officers, directors, agents, representatives or employees are claimed to be agents or employees of the Company.

Provided, however, that the Contractor shall not be responsible to indemnify or hold harmless the Company for losses or damages caused by the sole negligence of the Company, its agents or employees.

Doc. 33-1 - Pg 23, ¶ 9.1.  (the Parties hereinafter refer to Paragraph 9.1 of the MSA as the "Indemnity Provision.").

**USIC's Original Motion to Stay and this Court's Order Arising Therefrom**

On February 16, 2018, USIC filed a Motion to Stay this Action.  Doc. 9.  In USIC's Motion to Stay, USIC argued that the Indemnity Provision allowed for defense or indemnity only in the event that Nicor was *not* deemed solely negligent in the Illinois Matters.  As a result, USIC argued that the extent of Nicor's negligence needed to be adjudicated in the Illinois Matters before the District Court could determine whether the Indemnity Provision, and the duties to defend and indemnify included therein, applied in the District Court action.  *See* Doc. 9-1.

In response to the Motion to Stay, Nicor argued that USIC's duty to defend was not subject to any limitation for Nicor's sole negligence and therefore the District Court action should not be stayed.  *See* Doc. 14.  In reply, USIC argued that Nicor's position on the duty to defend brought the Indemnity Provision within the purview of O.C.G.A. § 13-8-2(b), commonly referred to as Georgia's Anti-Indemnity Statute.  *See* Doc. 17.  O.C.G.A. § 13-8-2(b) provides as follows:

> A covenant, promise, agreement, or understanding in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair, or maintenance of a building structure, appurtenances, and appliances, including moving, demolition, and excavating connected therewith, purporting to require that one party to such contract or agreement shall indemnify, hold harmless, insure, or defend the other party to the contract or other named indemnitee, including its, his, or her officers, agents, or employees, against liability or claims for damages, losses, or expenses, including attorney fees, arising out of bodily injury to persons, death, or damage to property caused by or resulting from the sole negligence of the indemnitee, or its, his, or her officers, agents, or employees, is against public policy and void and unenforceable. This subsection shall not affect any obligation under workers' compensation or coverage or insurance

specifically relating to workers' compensation, nor shall this subsection apply to any requirement that one party to the contract purchase a project specific insurance policy, including an owner's or contractor's protective insurance, builder's risk insurance, installation coverage, project management protective liability insurance, an owner controlled insurance policy, or a contractor controlled insurance policy.

O.C.G.A. § 13-8-2(b).

On August 7, 2018, this Court entered its order on USIC's Motion to Stay. Doc. 32. The District Court stayed Nicor's claims related to the duty to indemnify found in the Indemnity Provision. Relevant to this Joint Submission, this Court stated as follows: "This claim shall be temporarily stayed pending relevant final determinations in the [Illinois Matters], including, without limitation, a settlement by both USIC and Nicor in the [Illinois Matters]." Doc. 32., p. 2.

In addition, because the briefing on the Motion to Stay raised the specter of Georgia's anti-indemnity statute, the Court directed further briefing on the applicability of O.C.G.A. § 13-8-2(b). *See* Doc. 32. This direction triggered the parties' competing summary judgment motions. *See* Docs. 35 and 38. On September 2, 2021, this Court entered its Order on the Parties' Motions for Summary Judgment. Doc. 87. In this order that earlier dismissed this case, this Court ruled that O.C.G.A. § 13-8-2(b) applied generally to the Indemnity Provision and dismissed all of Nicor's claims whether predicated on the duty to indemnify or defend. *See* Doc 87.

## The Appeal

Nicor appealed this Court's September 2, 2021 Order dismissing the case. Among other things, Nicor argued that the duty to indemnify in the Indemnity Provision included an exclusion for Nicor's sole negligence, thereby rendering the duty to indemnify compliant with O.C.G.A. § 13-8-2(b) and that the duty to indemnify should be severable from the duty to defend in the Indemnity Provision. The Eleventh Circuit issued its opinion on April 18, 2023, affirming the District Court's judgment with respect to the duty to defend, but reversing the District Court's judgment with respect to the duty to indemnify and  ruling that the duty to indemnify could be severed from the duty to defend and therefore was not invalidated by O.C.G.A. § 13-8-2(b).  Doc. 95.  As a result of the Eleventh Circuit's decision and the denial of USIC's Petition for Writ of Certiorari to the United States Supreme Court, the case has been remanded to this Court with instructions that Nicor's indemnification claims be litigated consistent with the Eleventh Circuit Opinion.  Doc. 95, p. 36.

## APPLICABILITY OF THE ELEVENTH CIRCUIT'S OPINION

This case now finds itself in a similar procedural posture as immediately following this Court's Order on USIC's Motion to Stay:  as a threshold issue, USIC's duty to indemnify, if any, relies on a determination of whether or not Nicor can be deemed "solely negligent" for the acts or omissions that caused the explosion giving

rise to the Illinois Matters.  The Parties agree that a determination of Nicor's sole negligence remains part of the adjudication of the Illinois Matters especially the Smith case, that remains pending.  In the event that the Smith case ends in a trial with a verdict and judgment declaring the extent of Nicor's negligence, if any, the Parties will be well positioned to resolve any remaining issues in this case in an expeditious manner.  Further, the possibility exists that the Parties could resolve the Smith matter via settlement that would resolve the issue of whether and to what extent USIC is obligated to indemnify Nicor.

As noted, the Parties have settled the Wespark case in piecemeal fashion with discovery as to the terms of that settlement outstanding. The Smith case remains pending. Settlement of the Wespark matter does not fully resolve the current case and leaves open the issue of Nicor's sole negligence for further adjudication in Smith.  Under any scenario that concludes the Smith case, however, the Parties must await its conclusion in order to know what, if any, issues need to be resolved in this forum.  As of the date of this filing, the Parties anticipate that trial of the lawsuit filed by Smith will commence near the beginning of 2026.  The Parties anticipate that discovery in the Smith lawsuit will conclude in the Fall of 2025 with a possible mediation to take place before or shortly thereafter.  The Parties remain hopeful that, if successful, this potential mediation would resolve this matter as well as the Smith

matter.  At any rate, the Parties agree that the status quo for this Action should remain

unchanged as of this date.


Dated: April 18, 2025                              Respectfully submitted,

/s/ *Scott A. Witzigreuter*                        /s/ *David B. Helms*
Georgia Bar No. 772669                             Admitted Pro Hac Vice
3344 Peachtree Rd., NE, Ste. 2400                  GM LAW PC
Atlanta, GA 30326                                  8000 Maryland Avenue, Suite 1060
(404) 876-2700                                     St. Louis, MO 63105
switzigreuter@wwhgd.com                            (314) 474-1750
                                                   (816) 471-2221 fax
**Attorneys for Plaintiff Northern Illinois**     davidh@gmlawpc.com
**Gas Company**
                                                   **Attorney for Defendant USIC, LLC**


## **CERTIFICATION**

Pursuant to L.R. 7.1(D) N.D.Ga., I certify that this document has been

prepared in Times New Roman Font 14 point, as approved by the Court in L.R. 5.1C,

N.D.Ga.

/s/:  *Scott A. Witzigreuter*
*Attorney for Plaintiff Northern Illinois Gas*
*Company*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on Apil 18, 2025, a copy of the above and foregoing was e-filed with the Court via the CM/ECF System which will automatically send email notification of such filing to counsel of record.

/s/:  *Scott A. Witzigreuter*
Scott A. Witzigreuter
*Attorney for Plaintiff Northern Illinois Gas Company*